UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SUSAN KESICK,

          Plaintiff,

      -vs-

RICHARD ENRIQUE ULLOA, LUIS WILFREDO
RIVERA and JOHN DOE,

         Defendants.

**COMPLAINT**

Civil Action No.: 1:10-CV-1248 (TJM/DRH)

**JURY TRIAL DEMANDED**

Plaintiff, Susan Kesick, by and through her attorneys, Costello, Cooney & Fearon, PLLC, hereby states and alleges that:

## NATURE OF THE ACTION

1.  This is a civil action seeking damages arising out of defendants' repeated and persistent fraudulent and illegal activity by falsely representing that one or more of them are the holders of valid Maritime and/or UCC liens against plaintiff. These purported liens have been filed in various local and state offices to harass and extort plaintiff. Accordingly, defendants are liable under 18 U.S.C. §§ 1961 *et. seq.* (the Racketeer Influenced and Corrupt Organizations Act, hereinafter "RICO"), and a number of state-law based causes of action.

## THE PLAINTIFF

2.  Plaintiff Susan Kesick is a Town Justice for the Town of Ulster, New York and a citizen of the State of New York.

## THE DEFENDANTS

3.  Upon information and belief, defendant Richard E. Ulloa is a citizen of the State of New York.

4.     Upon information and belief, defendant Luis Wilfredo Rivera is a citizen of the State of New York.

5.     Upon information and belief, John Doe is a citizen of the United States.

## JURISDICTION

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because a portion of this action arises under the laws of the United States. This Court has supplemental jurisdiction over plaintiffs' state-law claims under 28 U.S.C. § 1367.

## VENUE

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 29 U.S.C. §1132(e)(2) because a substantial part of the events giving rise to plaintiff's claims occurred in this district and the defendants may be found in this district.

## FACTUAL ALLEGATIONS

**A.     Defendant Ulloa's contact with Judge Kesick.**

8.     At all relevant times, Susan Kesick was and is a duly elected Judge of the Town Court of Ulster.

9.     As the result of a traffic stop, a criminal complaint was sworn out against Defendant Ulloa by Ulster County Deputy Sheriff George F. Goodwin on March 1, 2009.

10.     The criminal complaint accused Defendant Ulloa of Aggravated Unlicensed Operation of a Motor Vehicle ("AUO"), a misdemeanor violation of Section 511, subdivision 01A, of the Motor Vehicle and Traffic Law.  Defendant Ulloa's alleged violation occurred at approximately 3:35 p.m. in the Town of Ulster on March 1, 2009.

2

11.     In connection with Defendant Ulloa's March 1, 2009 misdemeanor traffic violation, he was issued an appearance ticket directing him to appear before the Ulster Town Court at 2:30 p.m. on March 4, 2009.

12.     Despite being issued an appearance ticket, Defendant Ulloa failed to appear before the Ulster Town Court on the return date.

13.     On March 5, 2009, Judge Kesick signed an Arrest Warrant for Defendant Ulloa on his misdemeanor AUO charge for failure to appear in court the previous day.

14.     At some point after March 5, 2009, Defendant Ulloa was arrested and subsequently released on bail on April 8, 2009.  At the time of his release, Judge Kesick signed an Order for Defendant Ulloa to undergo a psychological evaluation pursuant to Criminal Procedure Law Article 730 to determine whether he lacked the capacity to understand the proceedings against him by reason of mental disease or defect.

**B.       Defendants' Acts of Paper Terrorism Against Judge Kesick.**

15.     On or about April 20, 2009, Defendant Ulloa began a pattern of harassment and attempted extortion toward Judge Kesick by purchasing Ulster County Index Number 09-1906 and filing with the Ulster County Clerk's Office an "Order" and "Criminal Complaint" together with two additional nonsensical documents, a "Notice and Demand: Writ of Error Coram Nobis Demand For Reversal of Order Due to Lack of Jurisdiction" ("Writ of Error") and "Petition for Writ of Mandamus for an Order to Cease and Desist the Action in 'Town of Ulster Court', 'Ulster Town Court'" ("Writ of Mandamus").

16.     In his "criminal complaint", Defendant Ulloa falsely accused Judge Kesick, Deputy Goodwin and Assistant Ulster County District Attorney David Boole of kidnapping, conspiracy, racketeering, perjury, money laundering and mail fraud, amongst other crimes.

17.    Included as an exhibit to Defendant Ulloa's "criminal complaint" was a fraudulent "Invoice" in the amount of $8,820,750.00.

18.    Defendant Ulloa executed a "certificate of service by mail" stating he utilized the United States mail to serve the foregoing documents on Judge Kessick.

19.    Defendant Rivera executed a witnessed the "criminal complaint" and executed a document titled "evidence of service" falsely claiming to be a "postmaster" and to have mailed the "writ of error" to Judge Kesick on April 20, 2010.

20.    Upon information and belief, Defendant Ulloa also sent his fraudulent "criminal complaint", "invoice", "order", "writ of error" and "writ of mandamus" to numerous other persons, including Deputy Chief Administrative Judge Jan Plummadore, Ulster County executive Michael Hein, New York State Attorney General Andrew Cuomo and New York State Comptroller Thomas DiNapoli, amongst others.

21.    Despite having failed to personally serve any of the defendants named in the action, upon information and belief, on June 4, 2009, Defendant Ulloa mailed an "Order for Summary Judgment" to Judge Kesick and others.

22.    On June 17, 2009, Judge Kesick served Answers to Defendant Ulloa's "Criminal Complaint", "Writ of Error" and "Writ of Mandamus" wherein she asserted multiple affirmative defenses, including those based upon improper service, the Doctrine of Judicial Immunity and asserting a counterclaim for sanctions based upon the frivolous nature of the action brought against her.

23.    Thereafter, Judge Kesick and the other named defendants cross-moved the Court for various forms of relief, including dismissal of the action.

24.     Upon information and belief, the aforementioned filings were not only frauds, but part of a course of intimidation by Defendant Ulloa and the others in the enterprise described below to hinder Judge Kesick's enforcement of the laws of the State of New York and interrupt or otherwise negatively affect the daily operations of the Town of Ulster Court.

25.     As part of a pattern of racketeering by a criminal enterprise and in furtherance of a scheme to defraud, extort and otherwise damage Judge Kesick, Defendants Ulloa, Rivera and Doe, with the assistance of others, began sending and filing fraudulent notices, liens and UCC Financing Statements as set forth below.

26.     On July 28, 2009, Defendant Ulloa mailed an "Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim" ("Negative Averment") to the Town of Ulster Justice Court Clerk.

27.     Defendant Rivera averred that the statements in the Negative Averment are true and that he mailed a copy of same to Judge Kesick via First Class mail.

28.     Defendant Ulloa's Negative Averment is a purportedly self executing document in which he falsely claims Judge Kesick owes him several millions of dollars for, among other "crimes", fraud, racketeering and theft of public funds, plus interest, treble and punitive damages.

29.     Upon information and belief, on August 24, 2009, Defendant Ulloa mailed or caused to be  mailed via registered mail to the Town of Ulster Justice Court, Judge Kesick and others a "Demand for Payment", "Invoice" and "Affidavit of Notary Presentment" (hereinafter "Notary Presentment") falsely claiming Judge Kesick owes him $176,000,000.00.  The Demand for Payment and is verified true and directs payment to Notary Public Katherine Cairo-Davis.

30.   Defendant Ulloa's "Demand for Payment", "Invoice" and "Notary Presentment" falsely accuse Judge Kesick of committing numerous civil and criminal wrongs including, *inter alia*, fraud, racketeering, theft of public funds and continuing trespass.

31.   Upon information and belief, on September 21, 2009, mailed to the Town of Ulster Justice Court, Judge Kesick and others a "Second Demand for Payment", "Invoice" and "Notary Presentment" again falsely claiming Judge Kesick owes Defendant Ulloa $176,000,000.00.   The Second Demand for Payment is verified true and directs payment to Notary Public Katherine Cairo-Davis.

32.   Defendant Ulloa's "Second Demand for Payment", "Invoice" and "Notary Presentment" again falsely accuse Judge Kesick of committing various civil and criminal wrongs including, *inter alia*, fraud, racketeering, theft of public funds and continuing trespass.

33.   Upon information and belief, on October 22, 2009, mailed to the Town of Ulster Justice Court, Judge Kesick and others a "Final Demand for Payment", "Invoice" and "Notary Presentment", again reasserting the false claim that Judge Kesick owes Defendant Ulloa $176,000,000.00. The Final Demand for Payment is verified true and directs payment to Notary Public Katherine Cairo-Davis.

34.   Defendant Ulloa's "Final Demand for Payment", "Invoice" and "Notary Presentment" again falsely accuse Judge Kesick of committing various civil and criminal wrongs including, *inter alia*, fraud, racketeering, theft of public funds and continuing trespass.

35.   Upon information and belief, on November 10, 2009, Defendant Ulloa mailed to the Town of Ulster Justice Court Clerk, the Ulster County Clerk and Judge Kesick, among others a "Notice of Final Determination and Judgment in Nihil Dicit" (hereinafter "Judgment") signed by Defendant Ulloa falsely purporting to be a final judgment in the amount of $176,000,000, and

fraudulently indicating it is a "self executing power of attorney to file liens and encumbrances against any and all property" of Judge Kesick.

36.     The "Judgment" recites the details of the numerous fraudulent mailings Defendant Ulloa sent to Judge Kesick, is signed by Defendant Ulloa and verified true by Defendant Cairo-Davis, who also executed another Affidavit of Notary Presentment averring she mailed the documents to Judge Kesick, amongst others.

37.     Upon information and belief, on December 28, 2009, Defendant Ulloa prepared a "Notice of International Commercial Claim ab initio Administrative Remedy" wherein Notary Public Katherine Cairo-Davis certifies she mailed the aforementioned fraudulent documents to Judge Kesick at the behest of Defendant Ulloa.

38.     On January 7, 2010, Acting Supreme Court Justice Kimberly A. O'Conner issued a Decision and Order dismissing the action against Judge Kesick.

39.     Despite the fact the action against Judge Kesick had been dismissed, on February 12, 2010, Defendant Ulloa filed or caused to be filed a fraudulent UCC-1 Financing Statement No.: 201002120082030 and a "Notice of Claim of Maritime Lien" with the New York State Department of State. Defendant Cioni notarized the false Maritime Lien on January 25, 2010.

40.     In his UCC-1 filing, Defendant Ulloa falsely claims an interest in virtually all of Judge Kesick's personal and real property to satisfy a fraudulent lien in the sum of $5,280,000,000.00 (or $176,000,000.00 in silver).

41.     A search of the New York State Department of State records demonstrates that Defendant Ulloa has filed no less than 35 similar liens and UCC-1 Financing Statements in New York, Washington and Georgia as against various government entities, public servants, judges, banks, law firms and private individuals on nearly identical fraudulent grounds.  These filings are

the subject of another action in this Court against most of the named defendants herein, amongst others, captioned *County of Ulster, et al. v. Richard Enrique Ulloa, et al.*, Civil Action No. 1:10-cv-0467 (TJM/DRH).

42.    Although Judge Kesick has thus far been unable to locate or discover additional liens filed against her in other states, given Defendant Ulloa's pattern of harassment and fraudulent filings as against others involved in legal matters with Defendant Ulloa, she has a reasonable belief that Defendant Ulloa has filed, or will in the future file similar liens and financing statements against her personal and real property of which she is unaware and which will, and have tarnished her credit and good name.

## RICO ALLEGATIONS

43.    Defendants are members of an association-in-fact.

44.    Defendants' association-in-fact has a purpose, namely to disrupt the administration of federal, state and/or local government through a pattern of wire and mail fraud, harassment and extortion.

45.    Defendants, as members of the association-in-fact, share a relationship with the other members, as evinced by the names of some defendants appearing on other defendants supposed liens and UCC filings and the use of common forms, among other things.

46.    Defendants' association-in-fact has been existence for a period sufficient to permit defendants to pursue the purpose of the enterprise. Defendants' association-in-fact existed as of the date of the filing of this Complaint.

47.    Defendants participated and/or managed the affairs of the enterprise by drafting liens and UCC Filings, serving and/or filing those documents, mailing and/or wiring those documents, witnessing and attesting to the truthfulness of those documents.

48.    Defendants' enterprise is ongoing.

49.    But for this action, defendants' criminal activity would continue beyond the period of the predicate acts alleged herein.

50.    Alternatively, upon information and belief, defendants' enterprise has committed a series of predicate acts over a substantial period of time.

51.    The predicate acts constitute violations of 18 U.S.C. § 1341, relating to mail fraud, and 18 U.S.C. § 1343, relating to wire fraud.

52.    Related to the above noted predicate acts, defendants engaged in a scheme to defraud Judge Kesick and others of money and/or property and used the mails and/or wires in furtherance of that scheme. Defendants' fraudulent misrepresentations were material and made with fraudulent intent.

53.    The fraudulent misrepresentations made by defendants were relied upon as truthful by the New York Department of State, the Ulster County Clerk and the Town of Ulster Clerk (amongst others) which have filed the liens in their respective records.

54.    Additionally, upon information and belief, a credit agency or agencies have relied on the fraudulent statements made by defendants and Judge Kesick's credit history has been negatively impacted.

55.    The predicate acts detailed above are related in that they share a common purpose, such as disrupting the administration of local government and criminal prosecutions in the local courts. Additionally, the predicate acts alleged above have the purpose of harassing, defrauding and attempting to extort an employee and elected official of a local government into allowing defendants to run afoul or otherwise ignore both federal and state law.

56.     The predicate acts stated above share participants. Specifically, each of the defendants is named and participated in the drafting, filing and/or mailing of the false and fraudulent documents to Judge Kesick and others. Further, Defendant Rivera attested to the truth of filings of Defendant Ulloa. Additional examples of common participants in predicate acts will be included in plaintiff's RICO Statement submitted in accordance with Northern District of New York General Order No. 14.

57.     The predicate acts also share common victims.

58.     The predicate acts noted above share a common methodology as well. Defendants have used the same types of forms against Judge Kesick, either Maritime Liens or UCC filings, as they have against other governmental agencies and officials. Further, defendants have generally sent copies of the false documents to Judge Kesick prior to filing those documents fraudulently seeking payments in the billions of dollars.

59.     Defendants' racketeering activities have caused damage to Judge Kesick's business and/or property interests, including but not limited to, injury to her credit history and ability to obtain loans, the loss of employee productivity including loss of productivity related to review of documents filed by defendants, meetings related to the documents by the municipal subdivision plaintiffs, and incurring costs and fees related to the instant suit.

60.     Judge Kesick's damages have been sustained by reason of defendants' conduct, and that conduct is both the factual and legal, or proximate cause of plaintiffs' injuries.

## AS AND FOR A FIRST CLAIM
## AS AGAINST DEFENDANTS

61.     Plaintiff repeats and re-alleges each and every allegation stated above as if more fully and completely set forth herein.

62.     This claim is predicated upon the provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et. seq.*, and 18 U.S.C. §§ 1341 and 1343 pertaining to mail and wire fraud.

63.     All defendants are persons as defined by the RICO statute.

64.     The defendants are part of a RICO enterprise as defined by 18 U.S.C. § 1961.

65.     The defendants' enterprise is an association-in-fact with a purpose, longevity and relationship among defendants as detailed above.

66.     The defendants have participated and/or managed or are participating in and/or managing the enterprise noted above.

67.     As detailed above, defendants engaged in a "pattern of racketeering" by filing several fraudulent documents, liens and UCC filings against Judge Kesick and others.

68.     The serving and filing of the fraudulent documents, liens and UCC filings at issue constitutes a racketeering activity because the documents, liens and UCC filings are frauds and violate 18 U.S.C. §1341 and/or § 1343 since the mails or federal wires were used to serve and/or file said documents.

69.     The documents, liens and UCC filings are part of a scheme by defendants to defraud Judge Kesick and others to obtain money and property from plaintiffs by false pretenses and misrepresentations.

70.     The false pretenses and misrepresentations employed by defendants were material and accomplished with a fraudulent intent.

71.     The actions of the aforementioned enterprise affect and/or have affected interstate commerce.

72.   Plaintiffs' business and/or property interests have been injured by defendants' racketeering activity.

73.   As a result of defendants' pattern of racketeering activity Judge Kesick is entitled to an award of treble her compensatory damages, plus the costs of this suit, including attorneys' fees, pursuant to 18 U.S.C. § 1964(c).

74.   As a result of defendants' wrongful, malicious and illegal acts, Judge Kesick is also entitled to recover from defendants punitive damages in an amount to be determined by the trier of fact.

## AS AND FOR A SECOND CLAIM
## AS AGAINST DEFENDANTS

75.   Plaintiff repeats and re-alleges each and every allegation stated above as if more fully and completely set forth herein.

76.   This claim is predicated upon the provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et. seq., and 18 U.S.C. §§ 1341 and 1343 pertaining to mail and wire fraud.

77.   All defendants are persons as defined by the RICO statute.

78.   The defendants named in this cause of action are part of a RICO enterprise as defined by 18 U.S.C. § 1961.

79.   The defendants' enterprise is an association-in-fact with a purpose, longevity and relationship among defendants as detailed above.

80.   The defendants have participated and/or managed or are participating in and/or managing the enterprise noted above.

81.   Each of the defendants knew of and agreed to the general criminal objective of the scheme jointly undertaken by the remaining defendants.

82.     As detailed above, defendants engaged in a pattern of racketeering by filing several fraudulent documents, liens and UCC filings against Judge Kesick.

83.     The serving and filing of the purported documents, liens and UCC filings at issue constitutes a racketeering activity because the documents, liens and UCC filings are frauds and violate 18 U.S.C. §1341 and/or § 1343 since the mails or federal wires were used to serve and/or file said documents.

84.     The fraudulent documents, liens and UCC filings are part of a scheme by defendants to defraud Judge Kesick to obtain money and property from her by false pretenses and misrepresentations.

85.     The false pretenses and misrepresentations employed by defendants were material and accomplished with a fraudulent intent.

86.     The actions of the aforementioned enterprise affect and/or have affected interstate commerce.

87.     Judge Kesick's business and/or property interests have been injured by defendants' racketeering activity.

88.     As a result of defendants' pattern of racketeering activity, Judge Kesick is entitled to an award of treble her compensatory damages, plus the costs of this suit, including attorneys' fees, pursuant to 18 U.S.C. § 1964(c).

89.     As a result of defendants' wrongful, malicious and illegal acts, Judge Kesick is also entitled to recover from defendants punitive damages in an amount to be determined by the trier of fact.

### AS AND FOR A THIRD CLAIM
### AS AGAINST DEFENDANTS

90.     Plaintiffs repeat and re-allege each and every allegation stated above as if more fully and completely set forth herein.

91.     This cause of action is predicated upon the provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et. seq.*, and 18 U.S.C. § 1341 and 1343 pertaining to mail and wire fraud.

92.     All defendants are persons as defined by the RICO statute.

93.     The defendants are part of a RICO enterprise as defined by 18 U.S.C. § 1961.

94.     The defendants' enterprise is an association-in-fact with a purpose, longevity and relationship among defendants as detailed above.

95.     The defendants have participated and/or managed or are participating in and/or managing the enterprise noted above.

96.     As detailed above, defendants engaged in a pattern of racketeering by filing several fraudulent documents, liens and UCC filings against Judge Kesick.

97.     The serving and filing of the purported documents, liens and UCC filings at issue constitutes a racketeering activity because the liens and UCC filings are frauds and violate 18 U.S.C. § 1341 and/or § 1343 since the mails or federal wires were used to serve and/or file said documents.

98.     The fraudulent documents, liens and UCC filings are part of a scheme by defendants to defraud plaintiffs to obtain money and property from Judge Kesick by false pretenses and misrepresentations.

99.     The false pretenses and misrepresentations employed by defendants were material and accomplished with a fraudulent intent.

100.    The actions of the aforementioned enterprise affect and/or have affected interstate commerce.

101.    Judge Kesick's business and/or property interests have been injured by defendants' racketeering activity.

102.    Judge Kesick's business and properly interests will continued to be injured unless the Court issues an order requiring that defendants divest themselves from the enterprise described above, imposing restrictions on the future activities of the enterprise including restraining any additional documents, liens, UCC filings or other such similar items from being filed without prior review by the Court and for any other further relief the Court deems just and proper.

**AS AND FOR A FOURTH CLAIM
AS AGAINST DEFENDANTS**

103.    Plaintiff repeats and re-alleges each and every allegation stated above as if more fully and completely set forth herein.

104.    At all times relevant herein, defendants knew, or should have known, that the purported maritime lien, judgment and causes of action filed against Judge Kesick were invalid, frivolous and illegal.

105.    Despite the lack of a valid lien or judgment, defendants willfully and maliciously filed and served fraudulent documents, liens and UCC filings with the New York State Department of State, the New York State Supreme Court, the Ulster County Clerk and the Town of Ulster, filed frivolous lawsuits in federal and state court and/or witnessing and attesting to the truthfulness of those documents for the sole purpose of inflicting harm upon Judge Kesick.

106.    The aforementioned actions by defendants were accomplished without economic, legal or social excuse or justification.

107.    By willfully and maliciously filing and serving the fraudulent documents, liens and UCC filings with the New York State Department of State, the New York State Supreme Court, the Ulster County Clerk and the Town of Ulster, and filing frivolous lawsuits in federal and state courts and/or witnessing and attesting to the truthfulness of those documents defendants sought a collateral advantage and corresponding detriment to Judge Kesick.

108.    The above mentioned actions of defendants were outside the legitimate ends of the economic and/or legal process of filing and serving a UCC filing statement, maritime lien, complaint or false judgment.

109.    The aforementioned actions of defendants constitute abuse of process.

110.    As a result of defendants' abuse of process, Judge Kesick has suffered special damages in the form of negative impacts on her credit reports and legal defense costs, among other things.

111.    As a result of defendants' abuse of process, Judge Kesick is entitled to injunctive relief.

112.    As a result of defendants' abuse of process, Judge Kesick is entitled to punitive damages in an amount to be determined by the trier of fact.

**AS AND FOR A FIFTH CLAIM
AS AGAINST DEFENDANTS**

113.    Plaintiff repeats and re-alleges each and every allegation stated above as if more fully and completely set forth herein.

114.    At all times relevant, defendants knew, or should have known, that they did not possess a valid cause of action, maritime lien and/or judgment against Judge Kesick.

115.    Despite the lack of a valid cause of action, lien or judgment, defendants willfully and maliciously filed and served fraudulent documents, liens and UCC filings with the New

16

York State Department of State, the New York State Supreme Court, the Ulster County Clerk and the Town of Ulster, filed frivolous lawsuits in federal and state court and/or witnessing and attesting to the truthfulness of those documents for the sole purpose of inflicting harm upon Judge Kesick.

116.    The aforementioned actions by defendants were done without economic. legal or social excuse or justification.

117. .   By willfully and maliciously filing and serving the fraudulent documents, liens and UCC filings with the New York State Department of State, the New York State Supreme Court, the Ulster County Clerk and the Town of Ulster, filed frivolous lawsuits in federal and state court and/or witnessing and attesting to the truthfulness of those documents defendants sought a collateral advantage and corresponding detriment to Judge Kesick.

118.    The above mentioned actions of defendants were outside the legitimate ends of the economic and/or legal process of filing and serving a UCC filing statement, maritime lien, complaint or false judgment and/or witnessing and attesting to the truthfulness of those documents.

119.    The foregoing actions by defendants constitute prima facie tort.

120.    As a result of defendants' abuse of process, Judge Kesick has suffered special damages in the form of negative impacts on her credit reports and defense costs, among other things.

121.    As a result of defendants' abuse of process and other malicious acts, Judge Kesick is entitled to injunctive relief.

122.    As a result of defendants' abuse of process and other malicious acts, Judge Kesick is entitled to punitive damages.

## DEMAND FOR TRIAL BY JURY

123.     Judge Kesick demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, a trial by jury of all issues so triable.

**WHEREFORE**, plaintiff Susan Kesick respectfully requests this Court grant:

A.     A judgment on the First Claim awarding plaintiff treble her compensatory damages plus punitive damages all to be determined by the trier of fact, together with the costs of this suit, including attorneys' fees, pursuant to 18 U.S.C. § 1964(c);

B.     A judgment on the Second Claim awarding plaintiff treble her compensatory damages plus punitive damages all to be determined by the trier of fact, together with the costs of this suit, including attorneys' fees, pursuant to 18 U.S.C. § 1964(c);

C.     A judgment on the Third Claim declaring all documents, liens, UCC statements and any other such similar items filed by defendants null and void; directing that any lien, UCC statements or other such similar item be vacated and removed from the public record and further restraining defendants from filing any liens, UCC statements, lawsuits or any other such similar documents without prior court approval;

D.     A judgment on the Fourth Claim awarding plaintiff special and punitive damages in an amount to be determined by the trier of fact, and further restraining defendants from filing any liens, UCC statements, lawsuits or any other such similar documents without prior court approval;

E.     A judgment on the Fifth Claim awarding plaintiff special and punitive damages in an amount to be determined by the trier of fact, and further restraining defendants from filing any liens, UCC statements, lawsuits or any other such similar documents without prior court approval;

F.    An award of costs and prejudgment interest; and

G.    An award of such other and further relief as the court may deem just and proper.


DATED:      October 19, 2010          **COSTELLO, COONEY & FEARON, PLLC**

**S/Christopher G. Todd**
**PAUL G. FERARRA (Bar Roll No. 101638)**
**CHRISTOPHER G. TODD (Bar Roll No. 512654)**
 **Attorneys for the Plaintiff, Susan Kesick**
**Office and Post Office Address**
**Bridgewater Place**
**500 Plum Street, Suite 300**
**Syracuse, New York  13204-1401**
**Telephone:  (315) 422-1152**
**E-Mail:  pgf@ccf-law.com**
            **cgt@ccf-law.com**

<u>**VERIFICATION**</u>

**STATE OF NEW YORK**               )
**COUNTY OF ULSTER**               ) ss.:

**SUSAN KESICK, being duly sworn, deposes and says that she is the Plaintiff in the within action; that she has read the foregoing complaint and knows the contents thereof; that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.**

**SUSAN KESICK**

**Subscribed and sworn to before
me this 30 day of September, 2010.**

**Notary Public**

SHIRLEY FELTON
Notary Public – State of New York
Reg. #01FE6110695
Qualified in Ulster County
My Commission Expires 6/1/2012

20