UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUSAN KESICK,

        Plaintiff,

   v.                                        1:10-CV-1248

RICHARD ENRIQUE ULLOA, and LUIS
WILFREDO RIVERA,

        Defendants.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

    In ruling on the summary judgement motion in this case, this Court held, *inter alia*:

    The motion is granted on Plaintiff's behalf and against Defendants Richard Enrique Ulloa and Luis Wilfredo Rivera as to liability on the First, Second, and Third Claims to the extent Plaintiff seeks to recover treble damages arising from the legal costs and expenses incurred defending against the bogus lawsuits and fraudulent liens by Defendants Ulloa and Rivera. The motion is denied as to other sought after damages.  Kesick is directed to submit proof within sixty (60) days of her expenses incurred in the defending against Defendants' racketeering activities, and Defendants will then have an additional sixty (60) days to submit opposition, if any, to the sought after damages.  The Court will then determine whether a genuine question of material fact exists as to the expenses incurred such to require a trial on any such issues.

Dkt. No. 29, pp. 21-22.

    Plaintiff submits proof that her legal fees and costs in defending against Defendants' racketeering activities in the New York State Supreme Court were $23,049.10, but indicates that these fees and costs were paid by her insurance carrier.

1

See Dkt. No. 32.  Nevertheless, she argues that these fees and costs should be tripled and imposed upon Defendants as RICO damages because they were incurred on her behalf. Id.  Defendants have not responded to this application.

The civil RICO damages statute provides in pertinent part that "[a]ny person injured in [her] business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages [s]he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).  These must be "actual damages," Gutman v. Klein, 2010 WL 4975593, at *5 (E.D.N.Y. Aug. 19, 2010), awarded in an amount "sufficient to place the plaintiff in the same financial position [s]he would have occupied absent the illegal conduct." Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1106 (2d Cir.1988).

Although Plaintiff's asserted RICO damages were attorneys' fees and costs incurred in connection with representing her in a state court action caused by Defendants' illegal conduct, her proof indicates that she did not pay these fees or costs. There is no indication that Plaintiff is obligated to repay the insurance company for any recovery, or that she is indebted to her insurance company for the costs and fees incurred in the state court action. Thus, a damage award to Plaintiff based upon these costs and fees would place Plaintiff in a better financial position then she would have occupied absent the illegal conduct.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for treble damages based upon the $23,049.10 in state court attorneys' fees and costs is denied.  Because Plaintiff did not submit an application for attorneys' fees and costs incurred in this action, any such claim

is denied with leave to renew within thirty (30) days.  If the application is renewed, it should be made consistent with the motion procedures set out in the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: May 3, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge